Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7929 | **DATE** | 9/5/2002 |
| **CASE TITLE** | LUIS CAVAZOS vs. JEREMY VOORHIES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/20/02 at 9:30A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants in part and denies in part Officer Voorhies' summary judgment motion [17-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS CAVAZOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Judge Ronald A. Guzmán |
| v. | ) |
| | ) 00 C 7929 |
| JEREMY VOORHIES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Luis Cavazos has sued Officer Jeremy Voorhies under 42 U.S.C. § 1983 ("section 1983"). Before this Court is defendant Officer Jeremy Voorhies' motion for summary judgment pursuant to FED. R. CIV. P. ("Rule") 56. For the reasons set forth below, defendant's motion for summary judgment is denied in part and granted in part.

## Facts

The following facts are taken from the parties' Local Rule 56.1 statements and accompanying exhibits. Unless otherwise indicated, the facts included herein are undisputed. Failure to follow Local Rule 56.1 results in the admittance of all factual assertions. *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Therefore, with regard to plaintiff's statement of additional fact's paragraphs 6, 8, 10, 11, 13-17, 20, 22-25, 27-31, 33-38, 45, 49, 53, 54, 58, 60, 63, 64, and 66 are all deemed admitted because in defendant's denial of those

paragraphs, he failed to make "references to the affidavits, parts of the record, and other supporting materials relied upon."[1] LR 56.1(a).

On June 23, 1999, Officer Jeremy Voorhies ("Officer Voorhies") pulled over Luis Cavazos ("Cavazos") for exceeding the posted speed limit. (Def.'s LR 56.1(a)(3) ¶¶ 1-3.) Officer Voorhies testified that he smelled the odor of cannabis emanating from Cavazos' automobile when he approached the car.[2] (Id. ¶ 5.) After Cavazos exited the vehicle pursuant to Officer Voorhies' instructions, Officer Voorhies pressed his body against Cavazos, removed the button from his gun holster, placed his hand on his gun, and ordered Cavazos to tender his gun. (Pl.'s LR 56.1(b)(3)(B) ¶¶ 5-6.) When Cavazos denied having a gun several times, Officer Voorhies replied with comments such as, "Where's the f***ing gun. I want the drugs." (Id. ¶¶ 7-8.) Officer Voorhies then proceeded to search Cavazos' car and trunk for forty-five minutes. (Id. ¶¶ 14-16.) While Officer Voorhies attempted to secure Cavazos in the back of his patrol car, Cavazos went into his own car and left the scene. (Def.'s LR 56.1(a)(3) ¶ 7.) After leaving the scene, Cavazos drove down a one-way street the wrong way. (Id. ¶ 8.) As Officer Voorhies attempted to follow Cavazos, he lost visual contact of Cavazos' vehicle for a brief time, but he regained visual contact at a nearby intersection. (Id. ¶ 11.) Cavazos then stopped, exited his car, placed his hands in the air, and apologized. (Id. ¶¶ 8-9.)

Next, Officer Voorhies handcuffed Cavazos and secured him in his squad car. (Id. ¶ 12.) Cavazos complained to Officer Voorhies that the handcuffs were too tight as he could not turn

---

[1] Paragraphs 40, 43, and 65 are properly denied because defendant complied with the requirements of Local Rule 56.1 as to those three statements.

[2] Cavazos admits that Officer Voorhies testified that he smelled the odor of cannabis but denies that an odor of cannabis existed. (Pl.'s LR 56.1(b)(3) ¶ 5.)

his wrists or place a finger between the handcuffs and his wrists. (*Id.* ¶ 14; Pl.'s LR 56.1(b)(3)(B) ¶ 25.) Officer Voorhies never checked the handcuffs and they were not loosened until they arrived at the station approximately ninety minutes later. (Pl.'s LR 56.1(b)(3)(B) ¶¶ 26, 30.) Soon after Officer Voorhies handcuffed Cavazos, a detective arrived and researched Cavazos' automobile. (*Id.* ¶ 31.) Cavazos overheard the detective tell Officer Voorhies that he had "gotten the wrong guy." (*Id.* ¶ 28.) Cavazos heard Officer Voorhies reply, "Well, I am going to put a lot of tickets on him . . . [the] spics were going crazy in California too." (*Id.*)

Officer Voorhies then transported Cavazos to the Cook County Police Sheriff's lock up in Maywood, Illinois. (Def.'s LR 53.1(a)(3) ¶ 15.) On the way, Officer Voorhies frequently aggressively applied his brakes for no apparent reason causing Cavazos to hit his head on the steel cage in the rear seat of the police car several times. (Pl.'s LR 56.1(b)(3)(B) ¶ 34.) When they arrived at the police station, Cavazos' wrists were bleeding and he had a bump on his head from hitting the metal cage. (*Id.* ¶ 38.)

Cavazos received five citations: (1) speeding, (2) failure to wear a seatbelt, (3) operating an uninsured vehicle, (4) improper lane usage for driving the wrong way down a one-way street, and (5) fleeing/attempting-to-elude. (Def.'s LR 56.1(a)(3) ¶ 16.) On April 25, 2000, a criminal court found Cavazos guilty of driving the wrong way down a one-way street. (*Id.* ¶ 23.) The court entered a compliance discharge for the charge of operating an uninsured vehicle because Cavazos had procured insurance. (*Id.*) The court acquitted Cavazos of speeding, failure to wear a seatbelt, and fleeing/attempting to elude. (Pl.'s LR 56.1(b)(3)(B) ¶ 62.)

## Discussion

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when, viewing the record and drawing all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party makes a showing that it is entitled to judgment as a matter of law, the non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324.

Officer Voorhies raises three issues in his motion for summary judgment. First, Officer Voorhies claims he did not use excessive force when detaining and arresting Cavazos. Second, Officer Voorhies claims that even if the Court were to find that he used excessive force, he is entitled to qualified immunity. Finally, Officer Voorhies argues that summary judgment should be granted as to Cavazos' state and federal malicious prosecution claims.

### I. Qualified Immunity

Officer Voorhies argues that he did not use excessive force, and, alternatively, that he is entitled to qualified immunity for his actions. Qualified immunity shields public officials performing discretionary functions from lawsuits in order to protect them from "undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). Qualified immunity presents a question of law for the

courts to decide. *Jones v. Webb*, 45 F.3d 178, 183 (7th Cir. 1995). To evaluate a claim of qualified immunity, the court engages in a two-step analysis. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000). First we determine whether the plaintiff's claim states a violation of his constitutional rights; then, we determine whether those rights were clearly established at the time the violation occurred. *Id.* Failure on either prong will defeat the attempt to overcome immunity.

Cavazos argues that his Fourth Amendment rights were violated when Officer Voorhies handcuffed Cavazos and aggressively applied his brakes for no apparent reason while driving him to the police station. "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). However, use of excessive force by police officers during an investigatory stop constitutes a Fourth Amendment violation under section 1983. *Id.* at 395. To determine whether the forced used violates the Fourth Amendment, the court must ask whether the officer's actions are "objectively reasonable" in light of the totality of the circumstances, without regard to his underlying good or bad intentions. *Smith v. City of Chicago*, 242 F.3d 737, 743 (7th Cir. 2001). The Court considers factors such as the severity of the crime, whether the suspect poses a threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Jacobs*, 215 F.3d at 773.

Cavazos asserts that the forced used was unreasonable because he committed only one minor traffic violation – going the wrong way down a one way street. (Pl.'s Resp. Def.'s Mot. Summ. J., at 11-12.) However, "we consider what happened from an officer's point of view and

assess its reasonableness objectively." *Smith*, 242 F.3d at 743-44. From the officer's perspective, Cavazos was pulled over for exceeding the posted speed limit, he failed to provide proof of insurance, and an odor of cannabis emanated from his car. (Def.'s LR 56.1(b)(3) ¶¶ 3, 5.) In addition, while Officer Voorhies proceeded with the investigatory stop, Cavazos went into his car, left the scene, and traveled down a one-way street the wrong way. (*Id.* ¶¶ 7-8.) A reasonable officer would have thought Cavazos was attempting to flee, therefore justifying a higher degree of force to protect the community and the officer than that needed for someone who committed only a minor traffic violation.

Furthermore, the force used when handcuffing Cavazos did not rise to the level of excessive force prohibited by the Fourth Amendment as a matter of law. "Obviously, police officers must use some physical force in handcuffing an arrestee. Likewise, in order to be effective, the handcuffs must be tight enough to prevent the arrestee's hands from slipping out." *Apostal v. City of Crystal Lake*, No. 94 C 50068, 1995 WL 692680, at *5 (N.D. Ill. Nov. 22, 1995). Although Cavazos complained to Officer Voorhies that the handcuffs were too tight, as matter of law, complaining that handcuffs are too tight does not make an officer's conduct unreasonable. *See McNulty v. Vill. of Deerfield*, No. 97 C 928, 1998 WL 30676, at *3-4 (N.D. Ill. Jan. 23, 1998). In addition, as a matter of law, Officer Voorhies' conduct was not unreasonable even though the handcuffs injured Cavazos. *See Boyd v. Angarone*, 729 F. Supp. 1194, 1198 (N.D. Ill. 1990) (bruised and swollen left wrist and pain in plaintiff's neck caused by handcuffing did not amount to excessive use of force); *Alm v. Moreth*, 694 F. Supp. 1322, 1324-25 (N.D. Ill. 1988) (placing handcuffs on plaintiff despite fact that plaintiff informed police that his wrist had not completely healed from recent surgery was not excessive).

6

However, a reasonable fact finder could determine that Officer Voorhies employed excessive force in violation of the Fourth Amendment when he applied his brakes aggressively for no apparent reason while driving Cavazos to the police station.[3] At this point, Officer Voorhies had handcuffed and secured Cavazos in his squad car. No evidence in the record suggests that Cavazos provoked or resisted Officer Voorhies after he initially left the scene of the traffic stop. In contrast, the undisputed facts show that Cavazos complied with Officer Voorhies after he left the scene because he voluntarily pulled his vehicle over to the curb, apologized, and never attempted to resist again. (Def.'s LR 56.1(a)(3) ¶¶ 8-9.) Because Cavazos no longer presented a substantial threat to the officer or others and did not resist or provoke Officer Voorhies, then a reasonable jury could find that the force used against Cavazos for no apparent reason was unreasonable. *See Lilly v. Gryczewski*, No. 95 C 6261, 1996 WL 599009, at *6 (N.D. Ill. Oct. 16, 1996) (placing knee on back of arrestee who was already faced down on floor after attempting to walk away from arrest for minor offense is excessive force); *McNew v. Pleasant*, No. 90 C 4825, 1992 WL 162255, at *4 (N.D. Ill. July 6, 1992) (tackling and kneeing person who represented no substantial threat to security officers and was unlikely to escape is excessive force).

The Court need not engage in the next step of the qualified immunity analysis concerning the force used when handcuffing Cavazos because Officer Voorhies did not violate Cavazos' constitutional rights. However, a reasonable jury could conclude that the force used by Officer Voorhies when applying his brakes aggressively for no apparent reason violated Cavazos'

---

[3] Because the defendant failed to follow Local Rule 56.1(b)(3)(B), these facts are deemed admitted.

constitutional rights; therefore, the Court proceeds to the next step in the qualified immunity analysis.

The next step in the qualified immunity analysis requires the Court to determine whether Cavazos has met the burden of demonstrating that a constitutional standard prohibiting Officer Voorhies' behavior was clearly established at the time in question. "If the rights were clearly established, the official may be liable for monetary damages and the suit proceeds to the next stage. If the rights were not clearly established, then the official is immune from suit and the claim is dismissed." *Jacobs*, 215 F.3d at 766. "Plaintiff thus must shoulder a rather heavy burden, and appropriately so because qualified immunity is 'designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law.'" *Tennen v. Shier*, No. 94 C 2127, 1995 WL 398991, at *5 (N.D. Ill. June 30, 1995) (quoting *Donovan v. City of Milwaukee*, 17 F.3d 944, 952 (7th Cir. 1994.)). To overcome this burden, the plaintiff may: (1) provide the court with a closely analogous case demonstrating that a constitutional right was clearly established at the time in question or (2) show that the force used was so plainly excessive that the police officer should have been on notice that he was violating the Fourth Amendment. *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993).

The first option to overcome a defense of qualified immunity is to provide the court with a closely analogous case establishing that the plaintiff had a right to be free from the force used on him. *Id.* A case is not closely analogous when it establishes the general right to be protected from a police officer's use of force. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994). Although the prior case need not direct the court to cases "on all fours" with the case at bar, the case must prove that the police officer's actions were clearly unlawful in light of the pre-existing

8

law. *Id.; Rice*, 999 F.2d at 1174 (where police officer hit plaintiff in back and knocked him to ground after plaintiff attempted to run from police while under arrest and handcuffed court stated that plaintiff must produce case involving "some kind of a hit in the back that knocked [plaintiff] to ground as he attempted to escape after arrest.")

In this case, Cavazos cites *Monroe v. Mazzarano*, No. 90 5696, 1992 WL 199829 (N.D. Ill. Aug. 10, 1992), a case in which the court held that a police officer used excessive force when handcuffing a plaintiff who possessed a stolen ice maker. *Id.* at *1. However, the facts in *Monroe* are easily distinguishable from the facts of this case. The plaintiff in *Monroe* unknowingly possessed a stolen ice maker in the basement of his tavern. *Id.* at *2-3. Here, Officer Voorhies pulled Cavazos over for exceeding the posted speed limit and smelled an odor of cannabis emanating from his car. (Def.'s LR 56.1(a)(3) ¶ 2, 5.) Furthermore, the plaintiff in *Monroe* never attempted to leave the scene, whereas, Cavazos admits that he left the scene prior to being handcuffed. (*Id.* at ¶ 7.) Although Cavazos opines that a disputed fact exists as to whether he fled, it is undisputed that Cavazos went into his car and left the scene during an investigatory stop. (*Compare id., with* Pl.'s LR 56.1(b)(3)(A) ¶ 7.) Moreover, in *Monroe*, the plaintiff alleged that he informed the officers that he suffered from Lupus which made him particularly susceptible to pain when pressure was applied to his body. *Monroe*, 1992 WL 199829 at *15. Unlike *Monroe*, Cavazos makes no allegation of special circumstances that made him particularly susceptible to pain when pressure was applied to his body. Additionally, *Monroe* does not present any facts involving a police officer who aggressively applied his brakes for no apparent reason with an arrestee in his police car. Therefore, Cavazos does not satisfy his burden of producing a closely analogous case.

Cavazos could avoid the defense of qualified immunity without identifying a closely analogous case if can show that the force used was so plainly excessive that the police officer should have been on notice that he was violating the plaintiff's constitutional rights. *Rice*, 999 F.2d at 1174; *see also Hope v. Pelzer*, 122 S.Ct. 2508, 2516 (2002). The Seventh Circuit reasoned that "police officers should not be shielded from liability just because their excessive use of force happens to be original." *Rice*, 999 F.2d at 1174. However, the plaintiff must provide the court with specific facts which thrust the use of force into the plainly excessive category. *Id.* Here, the Court must determine whether the plaintiff has raised a dispute as to whether Officer Voorhies' conduct was plainly excessive when he aggressively applied his brakes and caused Cavazos injury.

In this case, Cavazos has raised a genuine issue as to the material fact regarding whether the force used against him while driving to the police station was so plainly excessive that Officer Voorhies should have been on notice that he was violating the Fourth Amendment. It is undisputed that Officer Voorhies frequently aggressively applied his brakes for no apparent reason causing Cavazos to hit his head on the steel cage in the rear seat of the police car several times.[4] (Pl.'s LR 56.1(b)(3)(B) ¶ 34.) At the time Officer Voorhies applied his brakes aggressively causing plaintiff to slam into the car, Cavazos posed no threat to the safety of the officer or others, was not actively resisting arrest or attempting to evade arrest by fleeing, and was not engaged in any assaultive behavior toward the officer or others. The Seventh Circuit's decision in *McDonald v. Haskins*, 966 F.2d 292, 293-95 (7th Cir. 1992), makes it clear that

---

[4] These facts are deemed admitted for the defendant failed to respond properly to plaintiff's Local Rule 56.1(b)(3)(B) statement.

police officers do not have the right to apply force against someone not threatening the safety of the officer or others, not resisting arrest or attempting to evade arrest by fleeing, and not engaging in assaultive behavior toward the officer or others. It is elementary that use of official force must be for some legitimate purpose. We can discern no such purpose under the facts of this case. There is no need to use any force on a handcuffed prisoner sitting in the back of a squad car who is making no attempt to escape or resist. Therefore, Officer Voorhies, at least at this stage of the proceedings, is not entitled to qualified immunity because based on the record before the Court, Cavazos has raised an inference upon which a reasonable jury could conclude that Officer Voorhies' conduct was plainly excessive while driving Cavazos to the police station.

Thus, Officer Voorhies is granted qualified immunity as to his conduct of handcuffing Cavazos and therefore his summary judgment motion is granted in part. However, the Court denies in part Officer Voorhies summary judgment motion as to his conduct of applying his brakes aggressively and for no apparent reason while transporting a handcuffed Cavazos to the police station because Cavazos has raised a genuine issue as to a material fact regarding whether this particular conduct constitutes excessive force.

## II. Malicious Prosecution

Cavazos also claims malicious prosecution under section 1983 and under Illinois law. However, the Seventh Circuit recently held that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution" because the availability of a state remedy affords all the process that was due. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). Illinois law provides a cause of action for malicious prosecution, and Cavazos has

brought this claim in Count III of the Complaint. (Compl. ¶ 26.) Therefore, Cavazos' section 1983 malicious prosecution claim must be dismissed.

The Seventh Circuit noted, however, that a plaintiff may "have a due process claim in the original sense of that phrase" if the underlying facts support a due process violation. *Id.* at 752. Here, based on the record before the Court, Cavazos has not raised facts to support a due process violation. Further, Cavazos had ample opportunity to recast his claims in light of *Newsome*, but chose not to do so. Accordingly, the Court grants summary judgment as to Cavazos' section 1983 malicious prosecution claim. *See Penn v. Harris*, No. 01-2280, 2002 WL 1467428, at *2 (7th Cir. July 10, 2002); *see also Mearday v. City of Chicago*, 196 F. Supp. 2d 700, 714 (N.D. Ill. 2002) (refusing to recast plaintiff's section 1983 malicious prosecution claim as constitutional violation claim to comport with *Newsome* because plaintiff had ample opportunity to argue malicious prosecution claim as due process claim).

"Although *Newsome* precludes a malicious prosecution claim brought under § 1983, a state law claim of malicious prosecution is still viable." *Penn*, 2002 WL 1467428, at *2. Under Illinois law, a plaintiff proves malicious prosecution by showing: (1) the commencement or continuation of judicial proceedings by the defendant; (2) the absence of probable cause for such proceedings; (3) the presence of malice; (4) the termination of proceedings in the plaintiff's favor; and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

Officer Voorhies primarily argues that Cavazos failed to demonstrate that the prior criminal proceedings were terminated in the plaintiff's favor because he was found guilty of driving the wrong way down a one-way street. (Def.'s Mem. Supp. Mot. Summ. J., at 7-8.) This

argument fails. "Previous decisions indicate that a plaintiff may successfully plead a cause of action for malicious prosecution when the plaintiff bases the claim on charges for which the plaintiff was found not guilty, even if the plaintiff was also found guilty of another charge in the proceeding." *Trusty v. McCall*, No. 99 C 3992, 1999 WL 787628, at *2 (N.D. Ill. Sept. 24, 1999); *see Salley v. Schmitz*, No. 94 C 3448, 1995 WL 143554, at *1-2 (N.D. Ill. Mar. 31, 1995). In *Trusty* and *Salley*, the courts permitted the plaintiffs to claim malicious prosecution because both plaintiffs were acquitted of more serious charges even though they were found guilty of lesser charges. *Id.* If a claim is barred because a plaintiff was found guilty of one offense but not guilty of a more serious offense, then "police officers could add unsupported serious charges to legitimate minor charges with impunity." *Janetka v. Dabe*, 892 F.2d 187, 190 (2nd Cir. 1989).

Here, Cavazos has demonstrated that the prior criminal proceedings terminated in his favor. Cavazos bases his malicious prosecution claims on the four charges of which he was found not guilty: (1) speeding, (2) failure to wear a seatbelt, and (3) fleeing/attempting to elude. (Pl.'s Resp. Def.'s Mot. Summ. J., at 9.) The charge of which he was found guilty – driving down a one-way street the wrong way – is a petty offense. 625 ILL. COMP. STAT. § 5/11-708. Although he was acquitted of two other petty offenses, speeding and failure to wear a seatbelt, Cavazos was charged and acquitted of a class A misdemeanor – fleeing/attempting to elude a police officer. 625 ILL. COMP. STAT. §§ 5/11-601, 5/12-603, 5/11-204. In addition, Cavazos received a compliance discharge for operating an uninsured vehicle and a compliance discharge "would appear to be a termination in favor of the person accused." *Garibay v. City of Chicago Police Officers*, No. 96 C 2169, 1997 WL 211225, at *3 (N.D. Ill Apr. 18, 1997). Therefore, the

13

speeding, failing to wear a seatbelt, operating an uninsured vehicle, and fleeing/attempting-to-elude charges terminated in Cavazos' favor.

Moreover, Officer Voorhies presents no allegations concerning the other four elements of malicious prosecution. In a motion for summary judgment, the defendant must demonstrate that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322. Defendant simply asserts that "[p]laintiff has still done nothing more than allege that Voorhies maliciously prosecuted him." (Def.'s Reply Mem. Supp. Mot. Summ. J., at 5.) Although Cavazos has the burden to set forth specific facts showing that a genuine issue for trial exists, the moving party must first show why he is entitled to summary judgment. *Celotex*, 477 U.S. at 322. Therefore, this Court does not have before it the necessary information to grant summary judgment. Defendant's motion for summary judgment is denied as to plaintiff's state malicious prosecution claim and the case proceeds to trial.

## Conclusion

The Court grants in part and denies in part Officer Voorhies' summary judgment motion [doc. no. 17-1]. The motion is granted as to the: (1) section 1983 malicious prosecution claim because it is barred by *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) and (2) excessive force claim based on handcuffing because Voorhies enjoys qualified immunity. The motion is denied as to the: (1) state law malicious prosecution claim and (2) the excessive force claim based on Voorhies' applying the brakes in the police car because he does not enjoy qualified immunity at least on the record before the Court.

SO ORDERED

ENTERED: 9-5-02

HON. RONALD A. GUZMÁN
United States Judge